IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSA MARIA LEYVA,<br>Plaintiff,<br>vs.<br>UNIVERSITY OF IDAHO (COLLEGE OF LAW),<br>Defendant | Case No. 1:24-cv-00263-DCN<br><br>**PLAINTIFF'S MOTION TO REOPEN** |

U.S. COURTS
FEB 13 2026
Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**MOTION TO REOPEN**

COMES NOW, Plaintiff Rosa Leyva to move your Good, Honorable, and Merciful Judge to grant her relief from the Order dismissing for failure to prosecute.

**FACTS**

On or about May 21, 2025 Rosa's lease ended at her last known address. She felt fear and exhaustion, but she put on her strong act for her son. She had nowhere to move to and no resources. She stayed on her grandma's couch until Leo completed the school year, but there was no room for them there. There were no options for her so she left to Utah seeking housing with her mother in Draper, Utah. On or about August 22, 2025, the Court mailed Rosa a document. Once in Draper she lived there until her mother's health began to decline but after a little while she could not have Rosa and her son Leo stay any longer. They came back to Idaho mid-September 2025 and they stayed at a hotel for almost a week. She got so desperate that the little money she had would run out. So, on or about early October 2025 she quickly moved into an address in Nampa. She was there for a month, but she found it wasn't a good environment for her because the house was male dominated. On or about mid October 2025 they moved to another apartment where she lived with

a woman that treated her and her son poorly. They moved from that address on or about January 1, 2026. She stayed at a transitional home in Boise from on or about January 1, 2026 to on or about January 15, 2026. On or about January 15, 2026, she moved to 2667 W. Selway Rapids Way Lane #203 Meridian, Idaho 83646, her current residence. During this time, she never realized that she had missed mail addressed to her from the Court. She never received anything before her move to Utah or at anytime after. On or about December 11th the Court issued an order to dismiss her case for failure to prosecute. On or about February 9, 2026, a friend told Rosa about the updates to her case.

## LEGAL RULE AND SUPPORT FOR MOTION

1. Rosa's failure to respond to the Court's mail was not negligent because it was beyond her control

For purposes of Rule 60(b), 'excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. Because of the language and structure of Rule 60(b), a party's failure ** to file on time for reasons *beyond his or her control* is not considered to constitute "neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Further, the Supreme Court stated that where a party's failure to comply with a filing date is a result of an act of God or some other circumstances beyond her control a court is permitted to find excusable neglect. *Id.* Here, Rosa became indigent on the expiration of her contract at her apartments and last known address. With a broken heart, she accepted her circumstances that were beyond her control. No one could help. Rosa took Leo and their clothes. Her main and only priority became to find safe housing for Leo. As always with little money she accepted her fate. They had very little money even for food. She immediately had to worry about finding a job in Utah because no one could help. Only God heard her cries. No one could help her except her mother with housing. When her mother's health

declined, she had to leave again and with a broken heart she grabbed her clothes again and of course Leo. With tears in her eyes and fear in her heart she headed back to Idaho. Once in Idaho she had to worry about registering Leo for school and housing. With barely enough money for a hotel she stayed there until she found a room in Nampa, Idaho. But because it was full of male roommates, she felt it wasn't a good fit for her standards. She moved again three more times. She always worried about her case, but she never received the mail and it became something that lived in the back of her mind and safety for her son lived in the very front. Her excruciating struggle was beyond her control. Rosa never affirmatively rejected mail, she couldn't reject what she had no notice of in the first place.

2. Even if the Court disagrees that her actions were not negligent, her actions were excusable

FRCP 60 (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. The Federal Rule of Civil Procedure 60(b )"excusable neglect" is an *equitable test*. Fed.Rules Civ.Proc.Rule 60(b), 28 U.S.C.A. In determining whether missing of filing deadline constituted excusable neglect warranting relief from judgment, court should consider danger of prejudice, length of delay and its potential impact on judicial proceedings, reason for delay, including whether it was within reasonable control of plaintiff, and whether party acted in good faith. Fed.Rules Civ.Proc.Rule 60(b), 28 U.S.C.A. A party seeking relief based on the grounds covered by paragraphs (1) through (3)—i.e., mistake or excusable neglect, new evidence, or fraud—faces a 1-year limitations period. See *211 Fed. Rule Civ. Proc. 60(c)(1) *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 145 S. Ct. 1612, 221 L. Ed. 2d 850 (2025).

Danger of prejudice

No prejudice will result to the opposing party simply because they would have had to face the complaints but for Rosa's moving woes and indigence. Further, Rosa alleges no new claims or evidence, she simply wishes to revive her valid meritorious claims.

<u>Length of Delay and its potential impact on judicial proceedings</u>

The delay is two months in the span of the time she has waited for relief a very long time. Two months will not have an any sort of positive or negative impact on the defendant or the Court.

<u>Reason for delay and whether it was within reasonable control of plaintiff</u>

Reasons for delay were beyond Rosa's control. She has faced constant financial and housing crisis. Her child's safety and safe housing for him were difficult burdens for her to carry on her own.

<u>Whether moving party acts in good faith</u>

Rosa shows dedication to her young child, and his safety has been prioritized. At the minimum showing that she is a good mother that puts his needs before her own. She has also shown the ability to be a responsible and good member of the community. Rosa is a dedicated member of all groups she is a part of. She has made a point of staying out of trouble or showing bad faith in any aspect of her life and towards anyone. Her days are spent working to create a peaceful and loving home for son by teaching him to prioritize education and being Good. Rosa desires the same thing as other Americans. Joy and peace. Rosa wishes only good things for herself and others and moves with good faith here to merely obtain closure.

3. Finally, even if the Court disagrees with previous arguments, the Court has the ability to apply the catchall FRCP60(b)(6) for extraordinary circumstances

No time bar exists under FRCP 60(b)(6) and it may apply when the other provisions don't apply under "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 145 S. Ct. 1612, 221 L. Ed. 2d 850 (2025). In *Klapprott v. United States,* Supreme Court determined there was extraordinary circumstances because the prisoner there couldn't appeal judgement because he was incarcerated and sick, without a lawyer or funds to hire one, and occupied with trying to protect himself with difficult criminal charges. *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, 93 L.Ed. 1099 (1949), Thus, because the prisoner was not able to defend himself at the time it was similar to not having notice to be able to do so.

In *Ackermann*, the Court found no extraordinary circumstances where a party declined to appeal due to expense and advice of a third party against it. Where a party has choice, freedom of action, ability to get counsel, and inexcusable negligence a Court may be less likely to find "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

Here, the facts are more similar to *Klapprott* because Rosa was in a sense a prisoner to the lack of housing she was faced with especially caring for a six year old child alone, she had no money for food much less housing much less to refuse to hire an attorney, and was occupied with protecting her child from being homeless by finding safe housing for herself and her child. The facts are less like *Ackermann* because she didn't decline to respond because she didn't want to spend money on hiring legal assistance or because she took a third party's advice to not pursue her claims. Thus, the Court should find that even if they don't believe that Rosa wasn't negligent (because her life circumstances were in God's hands and not hers), or that any other provision applies to her, the Court should find her circumstances were extraordinary and the catchall provision should apply.

## REQUEST AND PRAYER FOR RELIEF

Putting the legal language aside human to human I need closure your Honor. Please have mercy. Charity should be given freely where possible and my prayer is that you won't withhold it from me because while we fail to give it freely sometimes, I pray it won't fail here. I waited so long for my story to be heard, for my side of the events to be heard. In my prayers I hope to receive the relief I've begged for and that you won't turn your back on me. You may believe I'm a contentious litigious person, your Honor, but i'm not. I believe that the Constitution is a divine document created to protect all persons from abuse by more powerful groups and oppressive government overreach. Because the Constitution is divinely inspired, God hears my cries for relief as my rights to be treated equally and with dignity were trampled. It is in your hands to provide divine relief, and I pray that you will be inspired to do His work here. His justice is sweet and upon all of us his creations. You might not be able to understand a poor single mother's fears and broken heart. Maybe you can't understand people that are indigent or those that live in survival and can't understand the constant fear that we have to live. But you do have the discretion to grant relief and help here. Please reopen my case.

God bless you Judge Nye,

Rosa Leyva