UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ROSA MARIA LEYVA,

Plaintiff,

v.

UNIVERSITY OF IDAHO (COLLEGE OF LAW),

Defendant.

Case No. 1:24-cv-00263-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Rosa Maria Leyva's Motion to Reopen. Dkt. 13 (the "Motion"). For the reasons stated below, the Court DENIES the Motion. The case remains CLOSED.

## II. BACKGROUND

On May 29, 2024, Leyva initiated this action by filing an Application for Leave to Proceed in Forma Pauperis (Dkt. 1) and a Complaint against Defendant The University of Idaho (Dkt. 2). In her Complaint, Leyva alleged claims of discrimination based on her sex, race, national origin, and color under Title IX of the Education Amendments of 1972, Title VI of the Civil Rights Act of 1964, and the Idaho Human Rights Act. *See generally* Dkt. 2.

On September 10, 2024, the Court entered an order granting the Application for Leave to Proceed in Forma Pauperis and dismissing the Complaint without prejudice. Dkt. 4, at 21. In the order, the Court gave Leyva thirty days to file an amended complaint and issued the following warning: "Failure to file, or failure to remedy the deficiencies the

Court has highlighted herein, will result in DISMISSAL WITH PREJUDICE." *Id*.

On October 7, 2024, Leyva filed a motion to extend the time to file her Amended Complaint (Dkt. 5), which the Court granted, making the amended complaint due on or before November 1, 2024 (Dkt. 6). Leyva filed her Amended Complaint by the deadline. Dkt. 7.

On August 21, 2025, the Court issued a Successive Review Order, finding that certain of Leyva's claim could move forward, and the remainder were dismissed without prejudice. Dkt. 8, at 28. Once again, the Court gave Leyva thirty days to file a second amended complaint. *Id.* In the absence of a second amended complaint, the Court would deem the narrowed claims in the Amended Complaint operative, and the Court would serve the Amended Complaint. *Id.* at 28–29.

On September 9, 2025, the Court received notice that its Successive Review Order was undeliverable to Leyva. Dkt. 9.

On November 3, 2025, the Court extended the deadline for Leyva to file a second amended complaint to December 3, 2025. Dkt. 10. The Court warned that "[i]f the Court does not receive either a second amended complaint or a notice that the Plaintiff does not intend to amend her complaint prior to service, the Court will dismiss this case for failure to prosecute and for failure to provide the Court with an updated address." *Id.*[1]

On December 11, 2025, having heard nothing from Leyva, the Court dismissed the Amended Complaint under Federal Rule of Civil Procedure 41(b) and Local Rule 83.6(d).

[1] The Court similarly received notice of undeliverable mail concerning the Court's November 3, 2025 docket order (Dkt. 10) on December 29, 2025. Dkt. 12.

Dkt. 11.

On February 13, 2026, Leyva filed the present Motion. Dkt. 13. In her Motion, Leyva acknowledges her lateness, claiming it should be excused because she and her son have experienced housing instability since her lease expired on or around May 21, 2025. Dkt. 13, at 1. Since that time, she has lived at her grandmother's house, her mother's house, a hotel, a transitional home, and various apartments. On January 15, 2026, she appeared to have found a more stable living situation in Meridian. *Id.* at 2. However, in April 2026 Leyva filed a notice of change of address with the Court. Dkt. 14. And on July 7, 2026, Leyva called the Court to update her address yet again to an Extended Stay America Suites hotel in Hillsboro, Oregon. It is unclear whether Leyva still resides at this location.

## III. LEGAL STANDARD

"District courts have the inherent power to control their dockets," and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). The Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Id.*

Pursuant to Federal Rule of Civil Procedure 41(b), courts may dismiss an action for failure to prosecute or to comply with a court order sua sponte. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "[A] dismissal with prejudice is tantamount to a judgment on the merits." *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997), *abrogated on other grounds by Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000).

Once an action has been dismissed, a plaintiff can move to have the judgment reopened under Federal Rule of Civil Procedure 60(b). *Vincent v. Trend W. Tech. Corp.*, 828 F.2d 563, 570 (9th Cir. 1987). Under Rule 60(b), courts may relieve a party from a final judgment, order, or proceeding only if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b)(1)–(6); *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "[A] party seeking to reopen [her] case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). Rule 60(b) motions are committed to the discretion of the trial court. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

## IV. ANALYSIS

Leyva argues that her housing instability and other circumstances provide a basis for relief under either Rule 60(b)(1)'s excusable neglect provision or Rule 60(b)(6)'s catch-all provision. Under either basis, the Court is unpersuaded.

### A. Excusable Neglect

The moving party "bears the burden of proving the existence of a justification for Rule 60(b) relief." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). To qualify as excusable neglect under Rule 60(b)(1), courts weigh "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The primary factors courts consider in this analysis are: "(1) the

danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). "[T]he weighing of *Pioneer*'s equitable factors must be left to the discretion of the district court in every case." *Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009) (citation modified) (quoting *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004)).

Considering the first *Pioneer* factor, because Defendant has not yet appeared, there is no obvious prejudice it would suffer if relief from judgment was granted. Thus, the first factor weighs in favor of Leyva.

Considering the second factor, the pending motion was submitted nearly six months after the Successive Review Order, and over two months after the case's dismissal. This is a significant delay and weighs against relief.

The third factor also weighs against Leyva. She argues that housing instability for her and her son was a circumstance beyond her control justifying her neglect of the case. While is true that housing instability can create significant hardship, Leyva fails to explain how that affected her ability to file an amended complaint by the deadline or why it caused her to neglect this case for at least six months. Leyva's prior lease ended in May 2025, and she was living with family members on or around the time the Court issued its Successive Review Order. Leyva provides no justification for why she failed to provide the Court with an updated address during this time. And even after she moved back to Idaho, Leyva was never homeless and was able to reside at various locations for several months at a time.

Even so, Leyva's housing instability appears to be ongoing as her latest address on file with the Court is a hotel in Oregon. Considering all these factors, the Court finds the third factor weighs against relief.

Considering the fourth factor, it appears Leyva's "errors resulted from negligence and carelessness, not from deviousness or willfulness." *Bateman*, 231 F.3d at 1225. Accordingly, this factor weighs in favor of granting relief.

Considering the factors, the Court holds Leyva is not entitled to relief under Rule 60(b)(1). Although the first and fourth factors weigh in favor of granting relief, the second and third factors weigh decisively against granting relief. This is especially true considering the Court affords in this instance much greater weight to the third factor than any of the other singular factors. Leyva provides no legitimate justification for allowing nearly six months to elapse before filing her Motion. While the Court recognizes that housing instability can present significant hardship, Leyva does not explain its role in her failure to file by the deadline nor why she waited approximately nine months after her lease ended to update her address with the Court.

**B. Extraordinary Circumstances**

"To justify relief under [Rule 60(b)(6)], a party must show extraordinary circumstances suggesting that the party is faultless in the delay." *Pioneer*, 507 U.S. at 393 (citation modified). "That standard does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint." *BLOM Bank*, 605 U.S. 204, 210 (2025).

Leyva fails to demonstrate sufficient extraordinary circumstances between the time the Successive Review Order was issued and the filing deadline. She asserts she was a

"prisoner" to her circumstances, but living with relatives and other temporary housing situations is not akin to incarceration. No outside force prevented her from filing on time or calling the Court to provide an updated address at any point after May 21, 2025. Although the Court is sympathetic to her situation, Leyva has not shown extraordinary circumstances sufficient to justify relief under Rule 60(b)(6).

## V. CONCLUSION

After issuing the Successive Review Order, Leyva was given 30 days to file a second amended complaint. Dkt. 8. When the Court learned Leyva did not receive the Successive Review Order, it extended the deadline and warned that "[i]f the Court does not receive either a second amended complaint or a notice that the Plaintiff does not intend to amend her complaint prior to service, the Court will dismiss this case for failure to prosecute and for failure to provide the Court with an updated address." Dkt. 10. Despite this warning, Leyva took no action until nearly six months after the Successive Review Order was issued, and two months after the case was dismissed.[2]

Based on the record, as applied to the relevant law, and in the Court's discretion, the Court finds Leyva does not adequately demonstrate excusable neglect or any other reason justifying relief. Leyva neglected the case for nearly six months, and she failed to provide

[2] Courts must weigh the following factors before dismissing a case under Rule 41(b) for failure to prosecute or obey a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). However, courts need not *explicitly* weigh these factors before issuing a dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995). In this case, the Court carefully considered these factors before issuing its order dismissing the case, though it did not set forth its analysis in a written decision. *See* Dkt. 6. The Court does not find it necessary to revisit and articulate that analysis in this Order.

the Court with an updated address for approximately nine months. Accordingly, her Motion to Reopen the case is DENIED. No further filings will be entertained in this closed case.

## VI. ORDER

IT IS HEREBY ORDERED:

1. The Motion to Reopen (Dkt. 13) is DENIED.

DATED: October 6, 2026

David C. Nye
U.S. District Court Judge